UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARY STEWART, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-396-DBH |
| | ) | |
| PATRICK J. FLEMING, et al., | ) | |
| | ) | |
| Defendants | ) | |

**DECISION AND ORDER ON MOTION TO DISMISS**

Mary Stewart originally filed a complaint in the Maine Superior Court against the Maine State Police and Troopers Bureau and Mills. In it, she alleged that they violated her state and federal constitutional rights during a June 2009 arrest and detention. The defendants removed the case here. Stewart then amended her complaint to assert that Patrick J. Fleming, chief of the Maine State Police, also was liable for some of the 2009 violations of her rights.[1] Chief Fleming moved to dismiss the amended complaint against him on the basis that Stewart failed to state a claim for supervisory liability. Def. Fleming's Mot. to Dismiss (Docket Item 17). I **Grant** Fleming's motion to dismiss because the amended complaint does not provide any legal basis or factual claim for relief against him.

---

[1] Stewart does not assert that he is liable for the excessive force claim under Count 2, but does include him under the unlawful arrest claim (Count 1), the malicious prosecution claim (Count 3), the malicious abuse of process claim (Count 5), and the Maine Civil Rights Act claim (Count 6). She also adds a new Count 5 that is leveled against only Chief Fleming, namely, that he refused or neglected to prevent the actions of Troopers Bureau and Mills. Am. Compl. (Docket Item 10).

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), I accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992). But to survive dismissal for failure to state a claim, a claim must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). That is, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

## ANALYSIS

Stewart seeks to hold Chief Fleming liable solely in his capacity as a supervisor. Am. Compl. ¶¶ 37(e), 51 (Fleming "is liable in a supervisory capacity"). Her legal argument in its entirety is as follows:

> SUPERVISORY LIABILITY:
> Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. *See Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576, 581 (1st Cir. 1994). There must be an affirmative link between the action or inaction of the supervisor and the behavior of the subordinate. *Maldonado, et al v. Fontanes,* 568 F.3d. 263, 274 (1st Cir. 2009).
> Plaintiff's Amended Complaint adequately alleges Fleming's Supervisory liability, arising from condonation or tacit authorization of specific acts of Bureau and Mills,

> which resulted in plaintiff's injuries. Both notice and grounds (as required by *Twombly)* are found in the paragraphs below:
>
> 27. Defendant Fleming had knowledge or, had he diligently exercised his duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed [by] Defendants Bureau and Mills and had power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, but knowingly, recklessly, or with gross negligence failed or refused to do so.
>
> 28. Defendant Fleming directly or indirectly, under color of law, approved or ratified the conduct of Bureau and Mills, which was unlawful, deliberate, malicious, reckless, and wanton as heretofore described.
>
> The specific factual context of Bureau and Mills' activities are also provided in the Amended Complaint and tightly circumscribed by time, manner, and place, over the course of an approximate two week period with specific allegations as to the acts and omissions of Bureau and Mills and the resulting injury to Plaintiff. These allegations are neither vague nor are they mere threadbare recitals of the elements needed to state claims for relief. Moreover, the causal connection between Fleming's condonation or tacit authorization of Bureau's Mills' acts, and plaintiff's harm is directly alleged, as is the appropriate level of intent. Plaintiff may not yet have set forth facts sufficient to prevail on her claims against Fleming, but because much of the evidence supporting the claims (and factual the allegations therein) was/is in Defendants' possession to begin with, discovery, which is ongoing, is necessary to determine how strong the claims may be for trial purposes. Sufficiency of fact is different than the standard for dismissal under Rule 12(b)(6). To survive the motion, plaintiff must merely is cross the line from conceivable to plausible, as far as facts alleged are concerned. *Twombly,* 550 U.S. at 570. Plaintiff's Amended Complaint does so.
>
> Accordingly, this court should deny Defendant Fleming's Motion to Dismiss.

Pl.'s Opp'n to Def. Fleming's Mot. to Dismiss at 2-3 (footnotes omitted) (Docket Item 23). In a footnote Stewart adds: "Plaintiff agrees with Defendant that the factual allegation in paragraph 27 does not support any claim against Fleming for which Plaintiff can recover." Id. at n.3. Stewart also does not rely upon her

3

Amended Complaint ¶ 29 alleging negligent training of Troopers Bureau and Mills by Chief Fleming.

***Federal Constitutional Claims***

"[S]upervisory liability cannot be predicated on a respondeat superior theory. Supervisors may only be held liable under § 1983 on the basis of their own acts or omissions." Whitfield v. Melendez–Rivera, 431 F.3d 1, 14 (1st Cir. 2005) (internal citation omitted). Accordingly, as the First Circuit has explained:

> [i]n the context of Section 1983 actions, supervisory liability typically arises in one of two ways: either the supervisor may be a "primary violator or direct participant in the rights-violating incident," or liability may attach "if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation."

Sanchez v. Pereira–Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (quoting Camilo–Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)). In either case, the plaintiff in a Section 1983 action must show "'an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization,' between the actor and the underlying violation." Id. (quoting Camilo–Robles, 175 F.3d at 44).

It is obvious that paragraphs 27 and 28 provide absolutely no factual specifics about Chief Fleming's alleged unconstitutional conduct. The absence of discovery is no excuse for that. Twombley makes clear that factual allegations are the prerequisite for discovery. Twombley, 550 U.S. at 556. Here, Stewart makes no allegations that Chief Fleming was a direct participant

4

in the conduct that she alleges violated her constitutional rights. Instead, her allegations against the Chief are simply that, as a supervisor, he "had knowledge or, . . . , should have had knowledge" of the wrongful conduct of Bureau and Mills and "approved or ratified the conduct of Bureau and Mills." Am. Compl. ¶¶ 27, 28. Although that assertion constitutes a factual claim about the Chief's state of mind, the Supreme Court has concluded that a bare allegation of intent is inadequate to state a claim without more specific factual assertions. See Iqbal, 129 S. Ct. at 1951 (rejecting the "bare assertion" that defendants "knew of, condoned, and willfully and maliciously agreed to subject [plaintiff] to harsh conditions . . . solely on account of [his] religion, race, and/or national origin" because of its conclusory nature).

Thus, because Stewart offers no factual allegations to show that Chief Fleming's action or inaction was affirmatively linked to the allegedly constitutionally improper behavior of those he supervised, I will dismiss all the federal claims.

*Maine Civil Rights Act*

Stewart provides no additional factual allegations for Chief Fleming's liability on her Maine Civil Rights Act claim. She says only that "Fleming is liable in a supervisory capacity superior [sic] for the acts of Defendants Bureau and Mills." Am. Compl. ¶ 37(e). Because Chief Fleming is entitled to dismissal of the federal constitutional claims, he is likewise not liable for the state constitutional claims. Estate of Bennett v. Wainwright, 548 F.3d 155, 178-79 (1st Cir. 2008) (because "protections provided by the Maine Civil Rights Act, including immunities, are coextensive with those afforded by 42 U.S.C. § 1983,

the dismissal of all of the Estate's § 1983 claims mandates that this claim receive similar treatment").

Accordingly, I **GRANT** the defendant Fleming's motion to dismiss in its entirety.

**SO ORDERED.**

**DATED THIS 13TH DAY OF MARCH, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**